# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 16, 2015

Lyle W. Cayce
Clerk

No. 14-50189
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RENE ALEXANDER GOMEZ-FUENTES, also known as Rene Gomez-Fuentes, also known as Rene Alexander, also known as Rene Alexander Fuentes, also known as Rene Lopez, also known as Joe Ramirez, also known as Rene Guillem, also known as Alex Fuentes, also known as Ramon Fuentes, also known as Rene Ramirez, also known as Ramon Fuentas, also known as Alex Fuentas, also known as Rene Gomez, also known as Alexander Reno, also known as Rene Fuentes-Gomez,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:13-CR-427-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Rene Alexander Gomez-Fuentes was convicted of illegal reentry into the

United States, and the district court imposed an above-guidelines sentence of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50189

60 months in prison as well as a three-year term of supervised release.  In this appeal, Gomez-Fuentes argues that the district court plainly erred by relying on the assault arrest immediately preceding the instant conviction to calculate his sentence because this arrest did not result in a conviction.  He also contends that a sentence within the guidelines range would have provided just punishment and that the district court did not give adequate reasons for its choice of sentence.  These arguments are unavailing.

Because Gomez-Fuentes did not object to his sentence, his arguments are reviewed for plain error only.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  To establish reversible plain error, an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

The record refutes Gomez-Fuentes's contention that the district court committed reversible plain error by using the 2013 arrest as the basis for its decision to impose a nonguidelines sentence.  The information referenced by the PSR was not taken from a bare arrest record.  Rather, the PSR contained specific information concerning this arrest, and Gomez-Fuentes did not even attempt to rebut this information.  Consequently, the district court did not err by using it.  *See United States v. Harris*, 702 F.3d 226, 229-31 & n.1 (5th Cir. 2012); *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010).  Further, while the district court did mention the 2013 arrest, it did not focus on this or any other single incident when fashioning an appropriate sentence.  Its extensive written and oral remarks evidence the district court's belief that Gomez-Fuentes's pattern of repeatedly committing serious offenses, and his failure to

be deterred by the sentence imposed for his prior illegal reentry offense, warranted the sentence imposed.  Gomez-Fuentes has not shown plain error with respect to the district court's use of his 2013 arrest to fashion his sentence.

Likewise unavailing is Gomez-Fuentes's argument that the district court did not give adequate reasons to explain its choice of sentence.  Generally, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

That standard is met, as the record clearly shows that the district court imposed the sentence it found most apt in light of the 18 U.S.C. § 3553(a) factors.  Finally, the fact that Gomez-Fuentes thinks his sentence should have been lower does not mean that it is unreasonable.  *Cf. Gall v. United States*, 552 U.S. 38, 51 (2007) (holding that a sentence is not unreasonable simply because the appellate court would have chosen a different sentence).  The judgment of the district court is AFFIRMED.